**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| SOLAR LEASING, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 2017-0076** |
| | ) | |
| WILLIAM L. HUTCHINSON, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**Attorneys:**
**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
        *For Plaintiff*

**Christopher Allen Kroblin, Esq.**
St. Thomas, U.S.V.I.
**Shari Natalya D'Andrade, Esq.**
St. Thomas, U.S.V.I.
        *For Defendant*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Solar Leasing, Inc.'s ("Plaintiff") "Motion to Confirm Arbitration Award, for Award of Prejudgment Interest and Attorneys Fees; and Combined Memorandum of Law in Support" ("Motion to Confirm") (Dkt. No. 62); Defendant William L. Hutchinson's ("Defendant") "Notice to the Court" (Dkt. No. 64); and Plaintiff's "Notice of Partial Payment." (Dkt. No. 65). For the reasons that follow, the Court will confirm the Arbitration Award, deny the request for prejudgment interest, and grant in part the request for attorneys' fees in the amount of $1,860.00.

## I.    BACKGROUND

Plaintiff is a California corporation and Defendant was the managing member or principal of Dun-Run Golf, LLC; Dun-Run Development, LLC; and Dun-Run Holdings, LLC (collectively "Dun-Run"). (Dkt. No. 1 ¶¶ 1-2; Dkt. No. 10 ¶ 2). Dun-Run owned and operated the Mahogany Run golf course on St. Thomas, United States Virgin Islands. (Dkt. No. 1 ¶ 2; Dkt. No. 10 ¶ 2). On or about February 13, 2013, Plaintiff and Defendant, acting on behalf of Dun-Run, entered into a contract ("Lease Agreement") for the installation and lease of a solar energy system on the golf course. (Dkt. No. 1 ¶ 5; Dkt. No. 10 ¶ 5). The lease was for a 13-year term. (Dkt. No. 1 ¶ 5; Dkt. No. 10 ¶ 5). Defendant personally guaranteed Dun Run's obligations pursuant to the Lease Agreement. (Dkt. No. 62-4). In September 2017, the solar energy system was completely destroyed by Hurricane Irma. (Dkt. No 62-1 at 3).

On December 21, 2017, Plaintiff filed this action against Defendant. (Dkt. No. 1). Plaintiff asserted various claims—all generally revolving around the allegation that Dun-Run failed to maintain windstorm insurance for the solar energy system. (Dkt. No. 62-1 at 3). Plaintiff sought $591,587.85 in damages, plus reasonable attorneys' fees and costs, as well as prejudgment interest. (Dkt. No. 1 ¶ 26).

On March 9, 2018, Defendant filed a "Motion to Compel Arbitration & For Dismissal," requesting that the Court compel Plaintiff to pursue binding arbitration pursuant to the terms of the Lease Agreement. (Dkt. No. 13). On September 20, 2019, Magistrate Judge Ruth Miller granted Defendant's Motion over Plaintiff's opposition (Dkt. No. 26), stayed the action, and ordered the parties to engage in mediation. (Dkt. No. 30 at 17). In the event that mediation was unsuccessful, Magistrate Judge Miller ordered the parties to engage in binding arbitration pursuant to the Federal Arbitration Act ("FAA"). *Id.*

On April 28, 2021, Defendant filed a "Motion to Lift Stay & Incorporated Status Update," requesting that the stay be lifted so that the parties could proceed with litigation in this Court. (Dkt. No. 41). Plaintiff opposed the Motion, seeking to proceed through arbitration rather than litigation. (Dkt. No. 43). On August 24, 2021, Magistrate Judge Miller denied Defendant's Motion, directing the parties to proceed with arbitration. (Dkt. No. 54 at 7-8).

On February 23, 2023, the Arbitrator awarded Plaintiff the sum of $87,954.32. (Dkt. No. 62-1 at 9.) Plaintiff then moved for reconsideration and a modification of the Arbitration Award, seeking a greater award. (Dkt. No. 62-2 at 1). On April 21, 2023, the Arbitrator entered an Amended Award denying Plaintiff's motion for reconsideration and maintaining an award amount of $87,954.32. (*See* Dkt. No. 62-3 at 1, 9).

Following the conclusion of the arbitration process, Plaintiff filed the instant Motion to Confirm on August 4, 2023, seeking confirmation of both the February 23, 2023 Arbitration Award and the April 21, 2023 Amended Award (together, "Arbitration Award"). (Dkt. No. 62). Plaintiff also seeks prejudgment interest and reasonable attorneys' fees incurred in seeking confirmation of the Arbitration Award. (Dkt. No. 62 at 1). In support of its request for relief, Plaintiff asserts that Defendant has "failed and refused to pay the amount awarded to Solar Leasing," specifically, $87,954.32. *Id.* ¶ 1, 4. Plaintiff further contends that both federal and Virgin Islands law mandate the award of prejudgment interest for a confirmed arbitration award. *Id.* ¶ 6-8. Finally, Plaintiff argues that, pursuant to Defendant's Personal Guaranty of the Lease Agreement, Defendant is required to pay all reasonable costs and expenses, including attorneys' fees, incurred by Plaintiff in seeking to enforce the Arbitration Award. *Id.* ¶ 14-16.

On September 7, 2023, Defendant filed a notice with the Court stating that "the Respondents in the Arbitration arising from this matter have today tendered the Claimant in that

3

matter the sum awarded by the Arbitrator of Eighty-Seven Thousand Nine Hundred Fifty-Four Dollars and Thirty-Two Cents ($87,954.32)." (Dkt. No. 64 at 1). Later on September 7, 2023, Plaintiff filed a "Notice of Partial Payment." (Dkt. No. 65). In it, Plaintiff asserts that, while Plaintiff's counsel received a check in the amount of the Arbitration Award, Defendant's check "does not satisfy [Defendant's] obligation to Plaintiff/Claimant, as the check does not include any amount for prejudgment interest at the legal rate in the Virgin Islands, nor does it include any amount for Plaintiff's [attorneys'] fees incurred in seeking to confirm the arbitration award." (Dkt. No. 65 at 1). In other words, while Defendant has satisfied his obligation on the underlying Arbitration Award, Plaintiff still seeks an award from this Court for both prejudgment interest at 9% per annum and attorneys' fees at $450.00 per hour. In this regard, Plaintiff seeks an award of $4,402.46 in prejudgment interest and $2,790.00 in attorneys' fees for 6.2 hours of attorney time spent in seeking to confirm the Arbitration Award.

## II.    DISCUSSION

After addressing the grounds for its jurisdiction—which bears on both the Court's authority to hear the matter[1] as well as the Court's analysis of the availability of prejudgment interest—the Court will discuss each of the issues presented—confirmation of the Arbitration Award; applicability of prejudgment interest; and entitlement to attorneys' fees.

---

[1] Because the FAA "does not create any independent federal-question jurisdiction," the Court must determine as an initial matter whether it has jurisdiction to confirm the award. *Smith v. Denver Food Sys., Inc.*, 1994 WL 551561, at *4 (E.D. Pa. Oct. 5, 1994) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 n. 32 (1983)); *see also Peebles v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 431 F.3d 1320, 1325 (11th Cir. 2005) ("The [FAA] does not confer subject matter jurisdiction . . . nor does it create independent federal question jurisdiction. . . Independent grounds for subject matter jurisdiction must be demonstrated.") (citations omitted).

4

**A.  Jurisdiction**

Plaintiff asserts that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332. (Dkt. No. 1 ¶ 3). A district court has diversity jurisdiction over a civil action where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of different states . . . ." 28 U.S.C. § 1332. "[A] corporation is a citizen of both its state of incorporation and the state 'where it has its principal place of business.'" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013) (quoting 28 U.S.C. § 1332(c)(1)). Plaintiff asserts that it is a California corporation, with its principal place of business in California. (Dkt. No. 1 ¶ 1). Defendant admits that he is a citizen of Texas (Dkt. No. 1 ¶ 2; Dkt. No. 10 ¶ 2). Further, in its Complaint, Plaintiff claims that Defendant is liable for $591,587.85.[2] (Dkt. No. 1 ¶ 26), an amount that far exceeds the jurisdictional requirement. As such, this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

**B.  Confirmation of Arbitration Award**

The FAA establishes that "at any time within one year after [an arbitration] award is made any party to the arbitration may apply [to an appropriate court] . . . for an order confirming the award . . . ." 9 U.S.C. § 9.3. A district court's "review of the underlying arbitration award is 'extremely deferential.'" *Anoruo v. Tenet HealthSystem Hahnemann*, 697 F. App'x 110, 111 (3d Cir. 2017) (quoting *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003)). The FAA provides "narrow and exclusive" bases for vacating an award. *Id.* (citing *Hall St. Assocs. LLC v. Mattel,*

---

[2] In determining the applicable damages for the amount in controversy requirement under 28 U.S.C. § 1332, the damages prayed for in the plaintiff's complaint generally controls unless there is some showing of bad faith on the part of the plaintiff. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). As such, and considering the lack of any allegation of bad faith on the part of Plaintiff here, the damage amount from Plaintiff's initial prayer for relief applies.

*Inc.*, 552 U.S. 576, 586-87 (2008)). "[A] court must confirm an arbitration award unless: (1) it was procured by corruption, fraud, or undue means; (2) the arbitrators demonstrated partiality or corruption; (3) they were guilty of misconduct; or (4) they exceeded their powers." *Id.* (citing 9 U.S.C. §§ 9, 10(a)(1)-(4)). As such, confirmation of an arbitration award "ordinarily is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations omitted)). Further, a party's tender of the sum of an arbitration award—after the opposing party moves for confirmation of the award—is not grounds for a Court's refusal to confirm such award. *See Narra v. Skyhop Techs., Inc.*, No. 23-CV-01587, 2023 WL 8108460, at *2-3 (N.D. Cal. Nov. 22, 2023) (holding that defendant's payment of sum of arbitration award to plaintiff did not render moot plaintiff's previously-filed petition to confirm arbitration award); *Schusterman v. Mazzone*, No. 19 CIV. 212, 2019 WL 2547142, at *4-5 (S.D.N.Y. June 19, 2019) (rejecting the defendant's argument that his payment of the arbitration award precluded the court from confirming this award); *see also Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1093 (D. Ariz. 2005), *aff'd*, 505 F.3d 874 (9th Cir. 2007) ("The mere fact that [the defendant] has satisfied a portion of its obligation under the arbitration award does not divest the court of authority to confirm that portion of the award—satisfaction and confirmation are separate issues.").

In the instant case, the Arbitrator issued his final award on April 21, 2023. Plaintiff filed its Motion to Confirm on August 4, 2023—within the one year period established by 9 U.S.C. § 9 and prior to tender of the award funds. Defendant has not contended that any of the statutory bases

for vacating the Arbitration Award exist here. Accordingly, the Court will confirm the Arbitration Award in the amount of $87,954.32.[3]

### C. Prejudgment Interest

"The court's decision to award prejudgment interest in an action based on diversity of citizenship is a question of state law." *Meyer v. CUNA Mut. Ins. Soc.*, 648 F.3d 154, 162 (3d Cir. 2011). Thus, having determined that this Court's jurisdiction is based on diversity of citizenship, Virgin Islands law governs whether to award prejudgment interest.[4]

Title 11 V.I.C. § 951(a) governs the availability of prejudgment interest. Two provisions could authorize payment in this matter. First, prejudgment interest is authorized on "all monies which have become due." 11 V.I.C. § 951(a)(1). Second, prejudgment interest is authorized on "money due or to become due where there is a contract . . . ." 11 V.I.C. § 951(a)(4). Under either provision, prejudgment interest is available "only where the amount due is in money and therefore is easily ascertainable." *R.J. Reynolds Tobacco Co. v. Gerald*, 76 V.I. 656, 736 (V.I. 2022) (quoting *Remole v. Sullivan*, No. CIV. 554/1980, 1984 WL 998141, at *3 (Terr. V.I. June 7, 1984)); *see also Rivera v. Sharp*, No. CV 2008-0020, 2021 WL 2228492, at *19 (D.V.I. June 1, 2021), *aff'd*, No. 21-2254, 2022 WL 2712869 (3d Cir. July 13, 2022) (explaining that, pursuant to *Remole*, Virgin Islands law permits an award of prejudgment interest only where the amount due is easily ascertainable); *Antilles Ins., Inc. v. James*, No. 1992-27, 1994 WL 371405, at *13 (D.V.I. July 6, 1994) (same). When available, an award of prejudgment interest—at the 9% per annum rate

---

[3] As previously noted, Defendant has already tendered this sum to Plaintiff, thus satisfying the award. (Dkt. No. 64; Dkt. No. 65-1).

[4] The parties have not disputed that the law of the Virgin Islands, the forum state, applies in this diversity matter.

prescribed in Section 951(a)—is "mandatory" and "not within the discretion of a court." *Vlaun v. Briscoe*, 77 V.I. 436, 447 (V.I. 2022).

The issue here, therefore, is when an arbitration award becomes "due" under 11 V.I.C. § 951(a). Virgin Islands courts have previously held that an arbitration award is not easily ascertainable until "the arbitrator issued his award and it was confirmed by this court." *Remole*, 1984 WL 99814, at *3; *see also Sea Tech, Ltd. v. Virgin Islands Yacht Harbor, Inc.*, No. CIV. 1049/1983, 1989 WL 1739896, at *2 (Terr. V.I. June 6, 1989) ("[T]he Court has determined that the money awarded by an arbitrator does not become due within the meaning of 11 V.I.C. § 951(a) until the award is confirmed by a court."). In *Remole*, the court ordered the parties to engage in arbitration pursuant to an arbitration clause in their contract. 1984 WL 99814, at *1. An arbitration award in favor of the plaintiff was entered on April 5, 1983, which the court confirmed on May 31, 1983. *Id.* at *3. The court denied plaintiff's request for any prejudgment interest before May 31, when the court confirmed the arbitration award. Similarly, in *Sea Tech*, an arbitration panel granted an award to plaintiffs on October 17, 1983. 1989 WL 1739896, at *1. The court confirmed the award on June 23, 1987. *Id.* Plaintiffs sought prejudgment interest on the award that had accrued between the issuance of the award in 1983 and its confirmation in 1987. *Id.* The court denied this request for prejudgment interest, finding that the arbitration award was not due until the court had confirmed it. *Id.* at *2.

*Remole and Sea Tech*—albeit not of recent vintage—are the only cases of which the Court is aware which define when an arbitration award becomes due under Section 951(a) for purposes of entitlement to prejudgment interest.[5] The Arbitrator issued the initial Arbitration Award to

---

[5] The Court notes that, without explicitly re-affirming the holding of *Remole* in the context of an arbitration award, the Supreme Court of the Virgin Islands has recently adopted the *Remole* court's approach to interpreting Section 951(a). *See R.J. Reynolds*, 76 V.I. at 736 (quoting *Remole*, 1984

Plaintiff on February 23, 2023, then issued the Amended Award on April 21, 2023. However, this Court did not confirm the Arbitration Award at any point prior to Defendant's tender of its sum to Plaintiff on September 7, 2023. Plaintiff seeks prejudgment interest for the period between the issuance of the award and Defendant's tender. However, in light of the fact that the Arbitration Award had not been confirmed by the Court, the award was not "due" or "easily ascertainable" prior to Defendant's tender. *R.J. Reynolds*, 76 V.I. at 736.

Notwithstanding this precedent, Plaintiff argues that a "confirmed arbitration award made under the Federal Arbitration Act bears interest from the date of the award at the legal rate in the jurisdiction, and not from the date of the judgment or order confirming the award." (Dkt. No. 62 ¶ 6). In support of this proposition, Plaintiff cites *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59 (3rd Cir. 1986). However, *Sun Ship* was a federal question case, applying federal law to determine the availability of prejudgment interest and the applicable rate. *See id.* at 63. The instant matter is a diversity case, so Virgin Islands law, rather than federal law, governs the question of whether to award prejudgment interest.[6] And, as discussed above, under Virgin Islands law,

---

WL 99814, at \*3) (adopting the *Remole* court's interpretation of Section 951(a) to only authorize prejudgment interest when "the amount due is in money and therefore is easily ascertainable.").

[6] In an attempt to justify the application of federal law to determine the issue of prejudgment interest, Plaintiff notes that the Arbitration Award here was made under the FAA. (*See* Dkt. No. 62 ¶ 6). It is true that the Third Circuit, in *Sun Ship, Inc.*, based federal question jurisdiction, and thus its application of federal law to the prejudgment interest issue, on the fact that the arbitration award was made under the FAA. *Sun Ship, Inc.*, 785 F.2d at 63. However, the Supreme Court has held that the FAA "does not create any independent federal-question jurisdiction . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32 (1983). And although it has not expressly overturned *Sun Ship, Inc.*, the Third Circuit has more recently reiterated that "[t]he FAA does not independently create federal question jurisdiction . . . ." *France v. Bernstein*, 43 F.4th 367, 377 n. 7 (3d Cir. 2022). Without federal question jurisdiction, federal law does not control the issue of whether to award prejudgment interest. *Meyer*, 648 F.3d at 162 (holding that, in diversity jurisdiction cases, state law controls the issue of whether to award prejudgment interest); *see also Rhino Servs., LLC v. DeAngelo Contracting Servs., LLC*, No. CV 21-3840, 2023 WL 5186254, at \*6 (E.D. Pa. Aug. 11, 2023) (applying state law to determine whether to award

prejudgment interest is not awarded for the period between the issuance of the arbitration award and the judgment confirming such award. As Defendant here paid the Arbitration Award prior to any judgment confirming such award, no prejudgment interest is available for Plaintiff.

The Court's conclusion herein is not affected by the Supreme Court of the Virgin Islands' recent opinion in *Mosler v. Gerace*. 2024 WL 26761 (V.I. January 3, 2024). In *Mosler*, the jury returned a verdict on March 3, 2022 awarding damages to the plaintiffs. *Id.* at *17. However, the trial court did not enter judgment on the jury verdict until September 13, 2022. *Id.* The court awarded the plaintiffs prejudgment interest that had accrued between March 3 and September 22. *Id.* at *17. The court rested its decision, *inter alia*, on the fact that Rule 58(b) of the Virgin Islands Rules of Civil Procedure requires that entry of judgment on a jury verdict occur "promptly"—on either the day of the verdict or the next day—something the trial court had failed to due. *Id.*

The instant action is distinguishable from *Mosler*. Plaintiff has not identified, nor has this Court found, any Virgin Islands or federal authority requiring a court to "promptly" confirm an arbitration award, making an arbitration award less readily ascertainable than a jury verdict. Further, while the FAA provides certain grounds upon which a court can refuse to confirm an arbitration award, *see* 9 U.S.C. § 10(a)(1)-(4), Rule 58(b) "obligate[s] a judge to promptly sign the judgment" obtained as a result of a jury verdict "without discretion." *Mosler*, 2024 WL 26761 at *17. The mandatory nature of a jury verdict renders it "easily ascertainable" in a manner in which an arbitration award is not. *R.J. Reynolds*, 76 V.I. at 736.

In short, the Court concludes that Plaintiff is not entitled to prejudgment interest under the circumstances here. Accordingly, Plaintiff's request for such interest will be denied.

_____

prejudgment interest to an arbitration award in a diversity jurisdiction case, even though the arbitration award was made under the FAA).

### D.  Attorneys' Fees

#### 1.  Availability of Attorneys' Fees

Courts may award attorneys' fees incurred in bringing a motion to confirm an arbitration award when the parties' contract expressly authorizes an award of attorneys' fees, regardless of whether the arbitrator awarded the moving party attorneys' fees incurred during the arbitration process. *See Bay Shore Power Co. v. Oxbow Energy Solutions, LLC*, 969 F.3d 660, 667 (6th Cir. 2020) (awarding attorneys' fees in a confirmation proceeding pursuant to a provision in a contract between the parties, where the arbitration award *did not* include attorneys' fees); *Mosquito Hunters, LLC v. Kelwood, Inc.*, No. CV 21-05033, 2021 WL 2850419 at \*6 (D.N.J. July 7, 2021) (awarding attorneys' fees in a confirmation proceeding pursuant to a provision in a contract between the parties, where the arbitration award *did* include attorneys' fees); *see also Selene Fin., LP v. Williams*, No. CV 2017-0035, 2023 WL 8530142, at \*1 (D.V.I. Dec. 8, 2023) (awarding attorneys' fees under Virgin Islands law pursuant to a contractual provision authorizing such an award); *Ditech Fin., LLC v. Mullen*, No. CV 2012-0005, 2023 WL 4420518, at \*2 (D.V.I. July 10, 2023) (same).

Here, Plaintiff bases its request for attorneys' fees on language from Defendant's Personal Guaranty of the Lease Agreement. (Dkt. No. 62 ¶ 14-16). The Guaranty provides that, "[i]n the event that this Guaranty must be enforced by [Plaintiff], all reasonable costs and expenses, including attorney's fees, incurred by [Plaintiff] will be paid by the [Defendant]." (Dkt. No. 62-4 ¶ 10). A motion to confirm an arbitration award has been held to constitute "enforcement" of the underlying agreement between the parties. *See Sailfrog Software, Inc. v. Theonramp Grp., Inc.*, No. CIV. 97-7014, 1998 WL 30100, at \*5 (N.D. Cal. Jan. 20, 1998) (awarding attorneys' fees incurred by a party in bringing a motion to confirm an arbitration award, pursuant to a provision

in the parties' contract which provided that "[i]f any action at law or in equity is brought for a breach of or is necessary to enforce the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees"); *see also Ditech*, 2023 WL 4420518, at *2 (awarding attorneys' fees under Virgin Islands law pursuant to a contractual provision allowing a party to recover attorneys' fees if the party was required to enforce the terms of the contract). Accordingly, this provision of the Guaranty authorizes an award of attorneys' fees incurred by Plaintiff in seeking confirmation of the Arbitration Award.

### 2. Reasonableness of Attorneys' Fees

"The Court uses the lodestar method of calculation to determine a reasonable amount of attorney's fees; it calculates the lodestar amount by multiplying the number of hours reasonably expended by a reasonable hourly rate." *George v. Allison Indus. Servs.*, No. CV 2020-0107, 2024 WL 111820, at *3 (D.V.I. Jan. 10, 2024) (internal citations and quotations omitted); *see also Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 399 (3d Cir. 2018) (applying the lodestar method to calculate a reasonable amount of attorneys' fees).

First, A. Jeffrey Weiss—Plaintiff's sole counsel in this matter—incurred 5.2 hours of attorney time in preparing and filing the Motion to Confirm (Dkt. No. 62-5 ¶ 4), and 1 hour of attorney time in preparing and filing the "Notice of Partial Payment," (Dkt. No. 65 at 1-2), for a total of 6.2 hours. The Court finds that 6.2 hours was a reasonable number of hours for Weiss to expend in seeking confirmation of the Arbitration Award.

Second, Weiss' billing rate for this matter was $450.00 per hour. (Dkt. No. 62-5 ¶ 6). "Traditionally, Virgin Islands courts 'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *George*, 2024 WL 111820, at *3 (quoting *Williams v. Ranger Am. of V.I., Inc.*, No. CV 14-00017, 2017 WL 2543293, at *2 (D.V.I. June 12,

2017)); *see also Bank of Nova Scotia v. Davis*, No. CV 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally span from $125 to $300 per hour). Across the years, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g., Herishetapaheru v. Firstbank Puerto Rico*, No. CV 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 per hour and $250.00 per hour in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas, Inc. v. Gov't of the Virgin Islands*, No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75 per hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation"); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. 12-cv-504, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013) (concluding that rate of $395 per hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

Here, Plaintiff is seeking an award of attorneys' fees for a motion to confirm an arbitration award and a notice to the Court regarding partial payment of the Arbitration Award. Notwithstanding Weiss' extensive experience, which may have been necessary for the arbitration itself, the confirmation of the award—which is at issue here—involved relatively simple submissions that do not call for specialized experience. Further, in light of the fact that the Motion to Confirm and Notice were not opposed, the issues raised therein were not litigated on the merits. *See George*, 2024 WL 111820, at *4 (finding that $300.00 per hour was a reasonable hourly rate

for an attorney who had supplied credentials "[g]iven the simplicity of the case—which was never arbitrated or litigated on the merits"); *Allahar v. Clinical Labratory, Inc.*, No. CV 2011-0001, 2022 WL 17959449, at *3 (D.V.I. Dec. 27, 2022) (finding that "the relative simplicity of this case warrants a reduction in [the defendant's] attorneys' fees" and therefore reducing the hourly rate of the attorneys). As such, the Court finds that the reasonable rate for this case is $300.00 per hour for Weiss.

Accordingly, the Court will award Plaintiff $1,860.00[7] in attorneys' fees for the 6.2 hours spent seeking to confirm the Arbitration Award.

### III.    CONCLUSION

In view of the foregoing, the Court will confirm the Arbitration Award, deny the request for prejudgment interest, and grant in part the request for attorneys' fees in the amount of $1,860.00.

An appropriate Order accompanies this Memorandum Opinion.

Date:   April 26, 2024                              _____/s/_____
                                                     WILMA A. LEWIS
                                                     District Judge

---

[7] The total award of $1,860.00 consists of counsel's 6.2 hours reasonably billed on this matter at $300.00 per hour.